### Ex Parte Bob Kemper.

#### No. 5453.   Decided November 19, 1919.

#### Contempt—Corrupting Juror—Insufficiency of the Evidence.

Where relator was held in contempt of the District Court, and sued out an original writ of *habeas corpus* before this court, and it was shown that the effort to corrupt an alleged juror through a third person was in no way communicated to said juror, the relator was not guilty of contempt and is discharged from custody, notwithstanding the conduct of relator merits strong condemnation. Following: In re Elliston, 256 Mo. 378, 165 S. W. Rep., 987, and other cases.

From Limestone County.

Original *habeas corpus* proceeding asking release from arrest under a judgment of contempt in the District Court, imposing a fine of $100 and two days confinement in the county jail.

*Herbert Scharff, Williams & Williams, W. M. Kennedy,* for relator.—On question of insufficiency of the evidence: Ex parte McRae, 77 S. W. Rep., 211, and cases cited in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Relator was held in contempt of the District Court of Limestone County, punished by fine and imprisonment, and sued out an original writ of *habeas corpus* before this Court.

Substantially the criminative facts are, that one Richardson had been summoned on the jury for the week in said court; that relatives of relator had criminal cases set for trial during said week, and that relator approached a brother-in-law of said Richardson and sought to have said juror corrupted by the promise to him, through said brother-in-law, of the sum of fifty dollars, if said juror would hold out for a hung jury or an acquittal, if taken on

the jury in said cases. It is undisputed that the matters corruptive were never communicated to said juror, who was discharged from service at his own request, by the court, on convening at nine o'clock on Monday morning of said week. It is questionable if the conversation between relator and said brother-in-law, in which said matters were broached, did not take place after said juror had been actually discharged by the court, in which event we think there would have been no contempt.

The conduct of relator, if the above facts are true, was such as to merit the strong condemnation of men who desire that the processes of the law to be kept free from contamination and the judgments of the courts be above suspicion, and reflect justice; and if we had any doubt as to the jurisdiction of the trial court in the matter, we would uphold his judgment.

In our opinion, when the alleged contempt in an attempt to interfere with the jurisdiction or processes of the courts, and same has never reached the point of any kind or color of communication, or contract between the corruptive effort and the officers, processes, or matters sought to be interfered with, the power to contemn is lacking. Under Article 183, Vernon's C. C. P., and the opinions rendered by this Court since the case of Ex parte Degener, in 30 Tex. Crim. App., 566, it has uniformly been held that where the act penalized for contempt is one beyond the jurisdiction of the trial court to punish, this Court would review the case and relieve under a writ of *habeas corpus*. In the case of In re Elliston, 256 Mo., 378, 165 S. W., 987, the Supreme Court of Missouri, on an almost identical state of facts, held that where the effort was made through a third person, but was in no way communicated to the juror, the relator was not guilty of contempt. See also; U. S. v. Carroll, (D. C.) 147 Fed., 947.

It is ordered that relator be released from custody or restraint under such judgment of contempt, and that the same be held void.

*Relator discharged.*