Ex Parte John A. McKenzie.

No. 13615. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 771.

316

The opinion states the case.

*A. S. West, W. W. Whitaker,* and *Hobart Huson,* all of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Upon his trial in the district court of Bexar County, John A. McKenzie was convicted for the murder of Sam Street, and the judgment of the trial court was affirmed by this court on the 28th day of November, 1928. See McKenzie v. State, 11 S. W. (2d) 172. On the 6th day of March, 1930, McKenzie filed in the district court of Bexar County a petition, which he denominates an application for a writ of error coram nobis. Among other things, it was averred in the petition that McKenzie was insane at the time of the commission of the offense and that such fact was unknown to the court and to counsel for petitioner at the time of the trial. It was prayed that the judgment of conviction be set aside and that the case be reinstated on the

docket and "restored to the same condition in which it was before any verdict, judgment or order was entered." Attached to the petition were the affidavits of several persons in which the opinion was expressed that McKenzie was insane. The district attorney's general demurrer to the petition wås sustained. McKenzie excepted and gave notice of appeal to this court. The relief sought is stated as follows: "The appellant respectfully prays this honorable court that this cause be reversed and rendered, and in any event that said cause be reversed and remanded."

The purpose of the writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. Ruling Case Law, vol. 2, page 395. We are not aware of any criminal case in this state in which the writ has been applied. We do not concede that the writ can be applied in criminal cases in this state. A decision of the question is unnecessary. If the trial court had the power to set aside a judgment of conviction rendered at a term which had long since adjourned, it would not necessarily follow that this court could take cognizance of an appeal from the refusal to grant the relief sought.

As pointed out in Ex parte Joe Minor, Opinion 13439, delivered April 30, 1930, this court is not a common-law court, and the right of appeal as it prevails in this state in criminal cases is by the Constitution made subject to regulatory statutes enacted by the legislature, and governed by them when they are not in conflict with the constitutional guaranties. One who would invoke the jurisdiction of this court must be able to point to some provision of the statute conferring the right of appeal and bring himself within the procedure prescribed by the legislature. The only original jurisdiction possessed by this court is in the issuance of writs of habeas corpus. The only method of invoking its appellate jurisdiction is by appeal, save in the matter of forfeited bail bonds, in which the writ of error is provided for. Art. 866, C. C. P. Art. 827, C. C. P. provides:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record."

McKenzie is not attempting to appeal from a judgment of conviction. If such were the case, the appeal would come too late under the terms of the article quoted. He seeks to have this court take cognizance of the refusal of the trial court to grant him a new trial long after the judgment of conviction has become final. That the

petition is tantamount to a motion for a new trial based on newly discovered evidence is obvious. Thus considered, it came too late to enable this court to revise the action of the trial court in denying the relief sought.

Jurisdiction consists, first, of the power to hear and determine the particular matter and to render some judgment thereon; and, secondly, the power to render the particular judgment which was rendered. Ex parte Vogler et al., 9 S. W. (2d) 733; Ex parte Degener, 30 Tex. Court of Apps. 566. The trial court had jurisdiction. The particular judgment condemning McKenzie to death was not beyond its power to enter. Such judgment was not void. Appellant had his right of appeal to this court and exercised it. He has pointed out no statute that would authorize this court to entertain jurisdiction of an appeal from an order of the trial court sustaining a demurrer to a petition of the character hereinbefore described. The opinion is expressed that we are without jurisdiction.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.