### EX PARTE O'NEAL MASSEY.

No. 25,862. May 28, 1952.
Relator's Motion for Rehearing Denied (Without Written Opinion) June 25, 1952.

Relator represented himself.

*William T. Bennett,* District Attorney, Huntsville, *Price Daniel,* Attorney General of Texas, *Edwin N. Bell* and *Willis E. Gresham,* Assistants Attorney General, and *George P. Blackburn,* State's Attorney, all of Austin, for the state.

DAVIDSON, Judge.

On March 11, 1941, relator was convicted in the district court of San Jacinto County under an indictment charging the primary offense of robbery by assault, a non-capital felony, and containing, in addition, allegations showing relator's two prior convictions for a like offense. The jury found relator guilty, as charged, and under the provisions of Art. 63, P. C., known as the habitual criminal statute, the court fixed the punishment at life imprisonment.

The judgment of conviction was in all things regular upon its face, and showed that it was rendered upon a plea of not guilty by relator in open court with "counsel also being present." No appeal was taken from that judgment, and it became final.

Since that time, relator, without avail, has, by various writs of habeas corpus, sought from the courts—both state and federal, and also the Supreme Court of the United States—relief from custody under the judgment. In most of these endeavors, relator alleged that he was not represented by counsel upon the trial of the case and also that he was insane at the time. He appears, however, not to have established such allegation by the facts.

In the instant proceeding, a writ of habeas corpus was granted by the judge of the district court of Walker County, Texas, who, after developing the facts, certified the proceedings to this court for determination, under the provisions of Art. 119, C. C. P., as amended.

Among the facts so developed and certified are the affidavits of the judge presiding and the district attorney prosecuting at the trial, which are as follows:

"THE STATE OF TEXAS )
"COUNTY OF MONTGOMERY)

IN THE DISTRICT COURT,
9TH JUDICIAL DISTRICT
OF TEXAS

"I, W. B. BROWDER, Judge of the Ninth Judicial District of Texas, do hereby certify the following facts:

"I am the duly qualified and acting Judge of the Ninth Judicial District of Texas, which District includes San Jacinto County, Texas. I was acting in such capacity on March 11, 1941, and presided at the trial of O'Neal Massey in the Cause No. 5070 in the District Court of San Jacinto County for the offense of robbery by assault.

"At the time Massey was arraigned in open court, the Honorable W. C. McClain, then District Attorney of said District and County, announced that if the defendant desired to plead guilty to the charge against him, the said McClain would recommend that the Court fix the minimum punishment for said offense, to-wit, five years' confinement in the State Penitentiary. Defendant Massey refused to plead guilty and insisted on being tried by jury upon his plea of not guilty.

"At the time of such trial Massey was not indicted for a capital offense, was not eligible to make application for suspended sentence, and a jury was not waived. It was not made known to the Court that the defendant was claiming to be insane, and no plea of insanity was interposed. There were no unusual or special circumstances which appeared to require the appointment of counsel. Therefore no counsel was appointed and Massey proceeded to trial without counsel.

"(Signed) W. B. Browder

"Sworn to and subscribed before me this 1st day of April, 1952.

"(Signed) R. J. Gray
"Clerk of the District Court of
Montgomery County, Texas
"By (signed) Billie Jean Simpson
Deputy"

"THE STATE OF TEXAS    )
"COUNTY OF MONTGOMERY)

"BEFORE ME, the undersigned authority, a Notary Public in and for Montgomery County, Texas, on this day personally appeared W. C. McCLAIN, known to me who, being by me first duly sworn, on oath did depose and say:

"In the month of March 1941 I was duly elected, qualified and acting District Attorney of the Ninth District of Texas, including San Jacinto County, and I was the prosecuting attorney who represented the State of Texas in the trial of Cause No. 5070 in the District Court of San Jacinto County, styled the State of Texas v. O'Neal Massey. In this cause Massey was indicted for the offense of robbery by assault, with averments as to two previous felony convictions.

"When Massey was arraigned, I stated to him in open court that if he desired to plead guilty to the indictment I would recommend to the court that Massey be given the minimum sentence of five years in the State Penitentiary. Massey refused to plead guilty, but insisted upon pleading not guilty and upon being tried by jury.

"No counsel was appointed by the Court to represent Massey, nor did Massey have counsel of his own choosing.

"It was not made known to me at the time of such trial that Massey was claiming to be insane and no plea of insanity was interposed.

"(Signed)  W. C. McClain

"(Seal)  Sworn to and subscribed before me this 1st day of April, 1952.

"(Signed)  Ruth Hazel Parsley
"Notary Public in and for Montgomery
County, Texas
(Printed)    (Ruth Hazel Parsley)"

By these affidavits, relator has sustained his allegation that he was not represented by counsel upon the trial of his case. In addition to that fact, however, the affidavits specially negative the existence of facts which would require the appointment of counsel for an accused under the statute law of this state. We have no statute in this state requiring the appointment of counsel for an accused upon a plea of not guilty to the ordinary felony offense of robbery.

In view of the fact that the court, as well as the representative of the state, offered relator a term of five years in the penitentiary upon his plea of guilty, it can hardly be said that such officers were guilty of any misconduct in the case which brought about or were reflected in the conviction.

The case of Parsons v. State, 153 Tex. Cr. R. 157, 218 S. W.

2d 202, is authority for our conclusion that the failure to appoint counsel for relator does not vitiate the judgment of conviction. In the Parsons case, supra, we had occasion to review the decisions of the Supreme Court of the United States touching the necessity of the appointment of counsel in state court trials for ordinary felonies. We there said:

"The further expressions contained in, as well as the disposition made of, the Uveges case convinces us that it is presently the holding of the Supreme Court of the United States that the necessity for furnishing counsel to an accused upon trial for a crime less than capital depends, in a State court, upon the facts in each case, in the determination of which there must be taken into consideration the gravity of the crime, the age and education of the accused, the conduct of the court or prosecuting officials, and the complicated nature of the offense charged, and the possible defense thereto."

Since the Parsons case, the Supreme Court of the United States has had occasion to pass upon the question: in Gibbs v. Burke, 337 U. S. 773, 93 L. Ed. 1686; Quicksall v. Michigan, 339 U. S. 660, 94 L. Ed. 1188; and Palmer v. Ashe, 96 L. Ed., Advance opinions, 130.

The latter cases do not appear to change the law as understood and announced by us in the Parsons case. Those cases, as well as all others by the Supreme Court of the United States, turn upon that court's view of the undisputed facts.

No stronger evidence of relator's ability to represent himself upon the trial of his case can be offered than his conduct and examination of the witnesses upon the instant trial. Surely, in the light of the record, it cannot be said that relator is a novice at this business of being tried for crime or that he did not know what he was doing when he undertook to represent himself. Appellant made no request that the court appoint counsel for him. The record before us is susceptible of no construction other than that relator knowingly waived any right to be represented by counsel upon the trial of the case, and there is nothing in the record which reflects that a different result would have occurred had the court appointed counsel.

We are constrained to conclude, therefore, that relator has failed to bring himself within the decisions of the Supreme Court of the United States requiring appointment of counsel for an accused upon trial in a state court for an ordinary felony.

In the recent case of Ex Parte McCune, 156 Tex. Cr. R. 213, 246 S. W. 2d 171, we had occasion to adhere to our prior holdings that the common law writ of coram nobis has no application in this state and that the right to re-open and re-examine a prior final conviction does not exist in this state. This rule is here applicable as to relator's contention that he was insane at the time of trial.

The record before us does not reflect that relator is entitled to be discharged from custody under the judgment of conviction.

The relief prayed for by the writ of habeas corpus is denied.

Opinion approved by the court.