Ex parte C. M. (Tex) HARDY.

No. 18853.

Court of Civil Appeals of Texas,
Dallas.

Dec. 16, 1975.

Larry L. Gollaher, Dallas, for appellant.

B. I. Evans, Fort Worth, for appellee.

GUITTARD, Justice.

In this application for a writ of habeas corpus, relator attacks an order of a domestic relations court finding relator in contempt, assessing a fine of $250, and committing him to jail for seventy-two hours. Relator asserts that the order is void on its face in that it does not apprise him of the reason for his commitment and fine. We agree and grant the writ.

The order, with its blanks and deletions, is as follows:

On this the 27 day of _____ October _____ A.D. 19 75 came on regularly to be heard, the sworn motion of P̶l̶a̶i̶n̶t̶i̶f̶f̶ Defendant to adjudge the said Plaintiff-D̶e̶f̶e̶n̶d̶a̶n̶t̶ to be in contempt of this Court for failure to observe and obey the order, judgment and decree of this court of record in

Minute Book _____ at page _____ of the minutes of this court; and came the Plaintiff-D̶e̶f̶e̶n̶d̶a̶n̶t̶ in person and by attorney, and came P̶l̶a̶i̶n̶t̶i̶f̶f̶-Defendant in person and by attorney, and all matters of law and fact having been submitted to the court, and the court having heard the evidence, the pleadings and the argument of counsel is of the opinion, and so finds that the Plaintiff-D̶e̶f̶e̶n̶d̶a̶n̶t̶ has failed to observe and obey the order, judgment and decree shown on the records of this court referred to above, and that ___he is and should be adjudged to be in contempt of this court for such failure and disobedience;

       IT IS THEREFORE ORDERED, ADJUDGED and DECREED by this
court that _____C.M. HARDY_____ be, and ___ he
is adjudged to be in contempt of this court for such failure
and disobedience, and the punishment therefor is fixed and
                              ($12.00 court costs)
assessed at a fine of $ 250.00  /   and confinement by the
Sheriff of Dallas County, Texas, in the Common jail of Dallas
County, Texas, for a period of __72__ hours, ᵃⁿᵈˣᵗʰᵉˣᵃᶠᵗᵉˣ

ᶠᵘʳᵗʰᵉʳˣᵉᵉⁿᶠⁱⁿᵉᵈˣⁱⁿˣˢᵃⁱᵈˣʲᵃⁱˡˣᵘⁿᵗⁱˡˣˣˣˣʰᵉˣʰᵃˢˣᶠᵘˡˡʸˣᵖᵘʳᵍᵉᵈ
ʰⁱᵐˢᵉˡᶠˣᵒᶠˣˢᵘᶜʰˣᶜᵒⁿᵗᵉᵐᵖᵗˣᵇʸˣᵗʰᵉˣᶠᵘˡˡˣᵒᵇˢᵉʳᵛᵃⁿᶜᵉˣᵃⁿᵈˣᵒᵇᵉᵈⁱᵉⁿᶜᵉ
ᵒᶠˣᵗʰᵉˣᵈᵉᶜʳᵉᵉˣᵒᶠˣᵗʰⁱˢˣᶜᵒᵘʳᵗˣˣˣᵃᶠᵗᵉʳˣᵉᵈˣᵗᵒˣᵃᵇᵒᵛᵉˣᵇʸˣᵗʰᵉˣᵖᵃʸᵐᵉⁿᵗ
ᵒᶠˣᵗʰᵉˣˢᵘᵐˣᵒᶠˣＳˣˣˣˣˣˣˣˣˣˣˣˣˣˣˣˣᶠᵒʳˣᵗʰᵉˣˢᵘᵖᵖᵒʳᵗˣᵒᶠˣʰⁱˢˣᶜʰⁱˡᵈʳᵉⁿ.

       IT IS FURTHER ORDERED that all commitments, writs,
attachments and other process necessary for the enforcement
of this order be issued.  ᴱⁿᶠᵒʳᶜᵉᵐᵉⁿᵗˣᵒᶠˣᵗʰⁱˢˣᵒʳᵈᵉʳˣˢᵘˢᵖᵉⁿᵈᵉᵈ
ᶠᵒʳˣˣˣˣˣˣˣˣˣˣˣˣˣˣˣˣˣᵈᵃʸˢ. ·

       Costs taxed against Plaintiff-ᴰᵉᶠᵉⁿᵈᵃⁿᵗ.

---

Relator points out that although the order recites that it is based on a previous order entered in the minutes of the court, it fails to identify any particular order because the volume and page references are blank. He asserts further that this information cannot be supplied from the record because there is no written order in the minutes other than the contempt order itself. Counsel for respondent acknowledges that the "order" referred to in his motion for contempt was oral. The motion alleges four violations of this oral order. The contempt order, however, recites no finding of any particular violation. Relator contends, therefore, that he is unable to determine the particular violation of which he has been convicted and is unable to demonstrate from the record that such essential finding is without support in the evidence.

In these circumstances we must hold that the order in question does not meet the essential requirements of a judgment for contempt. Such a judgment should clearly state in what respect the court's previous order has been violated. *Ex parte Proctor,* 398 S.W.2d 917, 918 (Tex.1966). It must contain specific findings so that the contemner will be fully apprised of his alleged act of misconduct so that he may overcome by proof, if any is available, the presumption of validity of the order. *Ex parte Davis,* 171 Tex.Crim. 629, 353 S.W.2d 29, 33 (1962). The present order fails to meet this test. The only finding recited is failure to obey an order in the minutes of the court, but the order disobeyed cannot be identified because, admittedly, no such order is contained in the minutes. Neither can the nature of the violation be determined by examination of the motion for contempt because that motion alleges several different violations and the order does not specify which of these allegations is found to be true. Consequently, under the above authorities, the judgment of contempt is void.

The writ of habeas corpus is granted and relator is discharged from custody.