## In re GAYLORD BROADCASTING CO., Relator.

### No. 99–0763.

Supreme Court of Texas.

May 11, 2000.

Marshall M. Searcy, Jr., Roger Clyfton Diseker, Kelly Hart & Hallman, Fort Worth, for Relator.

William Ross Teter, Dallas, for Respondent.

Justice HECHT, joined by Justice OWEN, dissenting from the denial of the petition for mandamus.

The sole issue presented by this petition for mandamus is whether a judge can allow some television stations to film courtroom proceedings but refuse permission to one station singled out because it has broadcast news stories critical of the judge. By summarily denying the petition, the Court answers yes. Because the petition raises serious constitutional arguments important to the jurisprudence of the State, I would hear argument and decide the issue.

Relator Gaylord Broadcasting Co. operates television station KTVT Channel 11 in the Dallas/Fort Worth area. In November 1997 KTVT broadcast an investigative news feature entitled *Judgment Day* which criticized the work habits of certain criminal court judges in Dallas County, including Judge Jim Pruitt. The broadcast triggered a dispute between the criminal district judges and the county commissioners over access to records showing when judges entered and left their parking garage. In April 1998 another judge who was the subject of the news feature sued KTVT for defamation.[1] That suit remains pending in the trial court.

In July 1999, KTVT requested permission from Judge Pruitt's court coordinator to film proceedings in a criminal case in the courtroom through a window in the back door. In so doing KTVT followed the usual procedure in Judge Pruitt's court for obtaining permission to film proceedings. The court coordinator advised KTVT that Judge Pruitt would not grant the permission requested because KTVT had broadcast stories critical of judges. A KTVT film crew went to the courthouse to videotape a criminal defendant as he walked through a hallway and into Judge Pruitt's courtroom. While they were there, the bailiff in Judge Pruitt's court told a film crew from another television station that it could film through the back door as long as it was "not f___ Channel 11." Altogether, three television stations were permitted to film through the back door, but not Channel 11.

KTVT then filed a motion requesting Judge Pruitt to reconsider his order barring the station from filming proceedings through the courtroom door. Judge Pruitt denied the motion, stating from the bench, "I don't think KTVT is a reputable news organization, and as such, I'm not going to allow you to film." KTVT challenges this order by its mandamus petition in this Court.

The press has a presumptive right of access to criminal proceedings that is guaranteed by the United States Constitution.[2] That right can be denied only if, according to the United States Supreme Court, "the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."[3] KTVT has demonstrated that Judge Pruitt denied it the same access to criminal pro-

1. *Francis v. Gaylord Broadcasting Co.*, No. DV98–3202 (162nd Dist. Ct. of Dallas Co., Texas, filed Apr. 21, 1998).

2. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

3. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982).

ceedings in his court that he allowed other television stations in retaliation for KTVT's broadcast that was critical of him and other judges. KTVT argues that Judge Pruitt's ruling violates its rights under the First and Fourteenth Amendments to the United States Constitution.[4] These are serious arguments that relate to the important right of the press to report on proceedings in the courts.

It is reasonable to conclude, based on Judge Pruitt's statements, that he may continue to selectively exclude KTVT from his courtroom. For this reason the matter is not moot, even though the proceedings KTVT sought to film have long since terminated.[5]

Judge Pruitt's order may be a significant intrusion on KTVT's constitutional rights. I would grant the petition, hear oral argument, and decide the case on the merits. This Court's summary denial of KTVT's petition, given the significance of the press's interest here, is to me inexplicable. I respectfully dissent.

---

**4.** See Ex parte Davis, 171 Tex.Crim. 629, 353 S.W.2d 29, 33–34 (1962); Addy v. State, 849 S.W.2d 425, 429 (Tex.App.—Houston [1st Dist.] 1993, no writ); Quad–City Community News Service, Inc. v. Jebens, 334 F.Supp. 8, 15 (S.D.Iowa 1971).

**5.** Globe Newspaper, 457 U.S. at 603.