Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion
filed November 12, 2004









 

Petition for Writ of Habeas Corpus Dismissed and
Memorandum Opinion filed November 12, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01039-CV

____________

 

IN RE JERRY WAYNE HUDSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

M E M O R A N D U M   O
P I N I O N

On October 29, 2004, relator filed a petition
for writ of habeas corpus in this court.[1]  See Tex.
Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In his petition, relator seeks to have this
court issue an extraordinary writ to set aside his criminal conviction for
assault on a family member.  This court
has no original habeas corpus jurisdiction in criminal matters.  See Ex parte Denby, 627 S.W.2d 435
(Tex. App.CHouston [1st Dist.] 1981, orig.
proceeding). 








Accordingly, we dismiss relator=s petition for writ of habeas
corpus.  Appellant=s direct appeal of his conviction
remains pending before this court under our appeal number 14-04-00483-CR.  

 

PER CURIAM

 

Petition
Dismissed and Memorandum Opinion filed November 12, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Relator styled
his petition as a request for a writ of error coram nobis.  The purpose of a writ of coram nobis was to
bring before the court that rendered the judgment factual matters that would
have prevented rendition of the judgment. 
Ex parte McKenzie, 29 S.W.2d 771, 772 (Tex. Crim. App.
1930).  The writ of coram nobis has no
application in modern Texas criminal law. 
See Ex parte Massey, 249 S.W.2d 599, 601 (Tex. Crim. App.
1952).  We construe relator=s petition as an application for a writ of habeas
corpus.