Opinion issued March 10, 2005
















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01228-CV
____________

IN RE FREDDA JO TURNER, Relator




Original Proceeding on Petition for Writ of Habeas Corpus 




O P I N I O N 
          Relator, Fredda Jo Turner (Turner), requests habeas corpus relief, asserting in
five issues that she is illegally restrained. We deny relief.
 
 
 
Factual Background
          In March 2002, the trial court signed an agreed final divorce decree dissolving
the marriage of Turner and real party in interest, Robert Dean Abell (Abell).


 In it,
the trial court named Turner as the joint managing conservator with the exclusive
right to establish the primary residence of their three children. The trial court
appointed Abell as the joint managing conservator without the right to establish
primary residence of the children. 
          In November 2004, Abell filed a second motion for enforcement, asserting that
Turner had violated portions of the decree’s possession orders. Abell recited the
relevant text of the order as follows:
[O]n March 7, 2002 the Court signed an Order that appears in cause No.
19,753 the minutes of this Court at Volume 1, page 1, and states in
relevant part as follows: . . .
1. Weekends–On weekends, beginning at the time the child’s school is
regularly dismissed, on the first, third, and fifth Friday of each month
and ending at the time school resumes on Monday . . . .
 
3. On Wednesdays of said weeks during the regular school term,
beginning at 6:00 p.m. and ending at 8:00 p.m. . . . .
 
4. Extended Summer Possession by Joint Managing Conservator Who
Was Not Awarded the Primary Physical Residence of the Children:
With Written Notice by April 1—If Joint Managing Conservator
who was not awarded the primary physical residence of the children
gives Joint Managing Conservator who was awarded the primary
physical residence of the children written notice by April 1 of a year
specifying an extended period or periods of summer possession for that
year, Joint Managing Conservator who was not awarded the primary
physical residence of the children shall have possession of the child for
thirty (30) days beginning no earlier than the day after the child’s school
is dismissed for the summer vacation and ending no later than seven
days before school resumes at the end of the summer vacation in that
year, to be exercised in no more than two separate periods of at least
seven consecutive days each, as specified in the written notice. These
periods of possession shall begin and end at 6:00 P.M. . . .

Abell then alleged numerous violations of the order, including the following:
 
Violation No. 1Wednesday February 18, 2004 at 6:00-denied visitation with Alicia . . .
 
Violation No. 19Saturday May 29, 2004 at 6:00-denied
summer visitation with Alicia, Audrey,
and Marty . . . .

          In December 2004, the trial court heard Abell’s motion for enforcement, found
Turner in contempt for the above two violations of the possession order, and assessed
Turner 180 days’ confinement for each violation, the two sentences to run
concurrently. The following day, the trial court signed an enforcement order. In
relevant part, the trial court found:
The Court finds that [Turner] is guilty of two separate violations
of the Original Divorce Decree Order signed on December 20, 2001 and
that appears in the minutes of this Court.
 
          The Court further finds that Respondent has failed to comply with
and has violated the provisions of the Order on two separate occasions
as follows:
 
Violation No. 1On Wednesday February 18, 2004
[Turner] denied [Abell] his visitation
time with Alicia Abell.
 
Violation No. 2On Saturday May 29, 2004 [Turner]
denied [Abell] his summer visitation
for all three (3) kids, Alicia Abell,
Audrey Abell and Mary Abell.

          Turner commenced her confinement on December 2, 2004. She filed an
original petition for writ of habeas corpus, a supplemental petition for writ of habeas
corpus, and a second supplemental petition for writ of habeas corpus with our court. 
We ordered Turner released on bond pending our final determination of her request
for habeas corpus relief. 
Standard of Review
          The purpose of a habeas corpus proceeding is not to determine the ultimate
guilt or innocence of the relator, but to ascertain whether the relator has been
confined unlawfully. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). In such
a proceeding, the order or judgment challenged is presumed to be valid. Ex parte
Occhipenti, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig.
proceeding). We issue a writ of habeas corpus if a trial court’s contempt order is
beyond the court’s power or the court did not afford the relator due process of law. 
In Re Henry, No. 04-0052, 2005 Tex. LEXIS 47, at *2 (Tex. Jan. 14, 2005) (citing Ex
parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980); Ex parte Swate, 922 S.W.2d 122,
124 (Tex. 1996)). Relator bears the burden of showing that she is entitled to relief,
including an adequate record to establish the invalidity of the order of contempt. See
Tex. R. App. P. 52.7(a); Occhipenti, 796 S.W.2d at 808-09.
Existence of Commitment Order 
          In issue one, Turner contends that she is being held without a commitment
order. In her second supplemental petition for writ of habeas corpus, Turner
concedes that after she had filed the original petition for writ of habeas corpus, this
court received a copy of the trial court’s order of enforcement and writ of
commitment. Thus, we dismiss issue one as moot.
Due Process
          Turner contends the trial court denied her due process because the underlying
divorce decree is vague and ambiguous as to her obligations regarding summer
possession. Specifically, she contends that the order “has two different surrender
locations and two different surrender times.” We read this as a complaint about
summer visitation (Violation No. 2), because the order with respect to Wednesday
night visitation (Violation No. 1) states only one time for surrender, 6 p.m. 
Moreover, under the general terms and conditions of the decree, surrender for
Wednesday night visitation takes place at Turner’s residence. The summer
possession provision states, “. . . Joint Managing Conservator who was not awarded
the primary physical residence of the children shall have possession of the child for
thirty (30) days beginning no earlier than the day after the child’s school is dismissed
for the summer vacation . . . . These periods of possession shall begin and end at 6:00
P.M.”


 
          Violation No. 1 carries its own 180-day sentence, which Turner has not served. 
Accordingly, her vagueness complaint as to the summer possession order does not
entitle her to habeas relief. See, e.g., In Re Patillo, 32 S.W.3d 907, 909 (Tex.
App.—Corpus Christi 2000, orig. proceeding) (when in an enforcement order a trial
court finds multiple instances of contempt and separately assesses a separate
punishment for each instance, if any sentence is valid, it will be enforced).
Sufficiency of the Evidence
          Turner contends the evidence presented does not support the trial court’s
finding that she violated Abell’s period of summer possession (Violation No. 2). 
Turner did not provide a reporter’s record of the motion for enforcement hearing. See
Tex. R. App. P. 52.7(a)(2) (relator must file with the petition a properly authenticated
transcript of any relevant testimony from any underlying proceeding). Without a
record, we cannot determine whether legally insufficient evidence exists to support
the trial court’s contempt finding. Turner thus has not carried her burden to establish
that no evidence exists to support the enforcement order, rendering it void.
Notice of Violations

          Turner contends that Abell’s motion for enforcement is defective in that it does
not meet the requirement of Texas Family Code Section 157.002(a)(1)


 that requires
a movant to identify the provision of the order violated and sought to be enforced. 
          We disagree. In his second motion for enforcement, Abell references the
volume and page number in the trial court’s minutes in which the decree sought to be
enforced can be found, and repeats within the motion, verbatim, the portions of
possession orders Abell alleges Turner violated. In his motion, Abell alleges
“Violation No. 1–Wednesday February 18, 2004 at 6:00-denied visitation,” and
“Violation No. 19–Saturday May 29, 2004 at 6:00-denied summer visitation . . . .” 
These are the two allegations the trial court found true in its enforcement order. We
hold that the motion for enforcement sufficiently notified Turner of the specific
provisions of the divorce decree that Abell charged she had violated. 
Failure to Specify Violated Provisions of the Prior Order Sought to be
Enforced

          Turner contends that the trial court’s enforcement order is void because it does
not comply with Texas Family Code section 157.166(a)(1), which provides: “(a) an
enforcement order must include: (1) in ordinary and concise language the provision
of the order for which enforcement was requested.” Tex. Fam. Code Ann. §
157.166(a)(1) (Vernon 2002).
          “The purpose of an enforcement order is to notify the contemner of how he has
violated the provisions for which enforcement is sought and . . . to provide sufficient
information for an adequate review.” Ex parte Conoly, 732 S.W.2d 695, 697 (Tex.
App.—Dallas 1987, orig. proceeding). A contempt order is insufficient if its
interpretation requires inferences or conclusions about which reasonable persons
might differ. In re Houston, 92 S.W.3d 870, 877 (Tex. App.—Houston [14 th Dist.] 
2002, orig. proceeding).
          The trial court found:
The Court finds that [Turner] is guilty of two separate violations of the
Original Divorce Decree Order signed on December 20, 2001 and that
appears in the minutes of this Court.
 
          The Court further finds that Respondent has failed to comply with
and has violated the provisions of the Order on two separate occasions
as follows:
 
                              Violation No. 1      On Wednesday February 18,
2004 [Turner] denied [Abell] his
visitation time with Alicia Abell.
Violation No. 2On Saturday May 29, 2004 [Turner]
denied [Abell] his summer visitation
for all three (3) kids, Alicia Abell,
Audrey Abell and Mary Abell

Although the trial court generally refers to its December 20, 2001 order, it did not
include “the provision of the order for which enforcement was requested.” 
          The trial court erred in not either including in its enforcement order the specific
provisions sought to be enforced, or incorporating those provisions by express
reference. Under these facts, however, Turner is not entitled to relief. First, the
enforcement order provides Turner sufficient notice of the provisions of the decree
that the trial court found Turner had violated. The violations that the trial court found
are sufficiently specific to notify Turner that they implicate the decree’s Wednesday
night and summer possession provisions because they could not have arisen from 
other decree provisions, and, in the motion for enforcement, Abell notified Turner of
the specific provisions by quoting them, verbatim, from the decree. Interpreting the
trial court’s findings thus does not require inferences or conclusions about which
reasonable persons might differ. Id. Second, Turner has not alleged any actual
difficulty or confusion in understanding which provisions of the decree that the trial
court found she had violated. Third, the order provides adequate information for
habeas corpus review of Turner’s grounds for relief that the trial court found to be
true. See Conloy, 732 S.W.2d at 698. 
          As the trial court’s order fully apprised Turner of the violations found against
her, and those findings related to specific violations alleged in the motion for
enforcement, we hold that Turner has not overcome the presumption of the validity
of the order so as to render it void. Id. (“The contempt order ‘must contain specific
findings so that the contemner will be fully apprised of his alleged act of misconduct
so that he may overcome by proof, if any is available, the presumption of validity of
the order” (citing Ex parte Hardy, 531 S.W.2d 895, 896 (Tex. Civ. App.—Dallas
1975, orig.proceeding))). See also Ex parte Boyle, 545 S.W.2d 25, 27 (Tex. Civ.
App.—Houston [1st Dist.] 1976, orig. proceeding)(holding that each case must be
evaluated on its own facts to determine whether trial court violated relator’s due
process by its failure to follow former Texas Family Code section 14.09, requiring ten
days’ notice to alleged contemner before holding enforcement hearing).
Conclusion
          We deny habeas corpus relief and remand Turner to the custody of the Sheriff
of Colorado County to serve the remainder of her sentence.
 
                                                                                  Jane Bland
                                                                                  Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.