

NUMBER 13-12-00152-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE LEONARD HENDERSON JR.

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Benavides, Vela, and Perkes
Memorandum Opinion Per Curiam[1]

Relator, Leonard Henderson Jr., proceeding pro se, filed a petition for writ of mandamus on March 5, 2012, through which he seeks to compel the trial court[2] to rule on a petition for writ of coram nobis.[3]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden

---

[2] Relator identifies the Honorable J. Manuel Bañales of the 105th District Court of Nueces County as the respondent in this original proceeding; however; the Honorable Angelica Hernandez has served as the presiding judge of that court at all times relevant to this original proceeding.

[3] The common law writ of coram nobis is not recognized in Texas. *See Ex parte Massey*, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952).

to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly,

relator's petition for writ of mandamus is denied.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  TEX. R. APP. P. 47.2(b).


Delivered and filed the
6th day of March, 2012.