# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00118-CR

**Paul Roman Govea, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-96-0194-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Paul Roman Govea appeals from the district court's order denying his petitions for writ of error coram nobis and for writ of audita querela. We affirm the order.

The purpose of a writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *Ex parte McKenzie*, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930) (citation omitted). This common law writ is not recognized in this state. *See Ex parte Massey*, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952). The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2011). Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id*. §§ 3, 5; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993)

(only court of criminal appeals has authority to grant post-conviction relief from final felony convictions).

Govea also attempts to set aside the judgment against him by way of a writ of audita querela. Audita querela is, or was, a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing defenses." Black's Law Dictionary 126 (9th ed. 2009). Because the habeas corpus procedure is the exclusive means to set aside a prior felony conviction in a collateral proceeding, the writ of audita querela is likewise not available in Texas. *See Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.) (dismissing appeal based on writ of audita querela); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.) (affirming district court's dismissal of petition for writ of audita querela).

Accordingly, we affirm the district court's order denying Govea's petitions.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: August 29, 2012

Do Not Publish

2