**Dismissed and Memorandum Opinion filed October 17, 2013**



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00876-CR

---

### ALEX MELVIN WADE, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 285866**

---

## M E M O R A N D U M   O P I N I O N

Appellant Alex Melvin Wade, Jr. filed a "petition for writ of error coram nobis" in the district court, challenging the validity of the court's 1978 judgment finding appellant guilty of the offense of theft. The district court denied appellant's petition and appellant has filed a pro se notice of appeal from that order.

The purpose of the writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment

was rendered, would have prevented its rendition. *Ex parte McKenzie,* 115 Tex. Crim. 315, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930). The Court of Criminal Appeals of Texas has long held that the writ has no application in this State. *See Ex parte Massey,* 157 Tex. Crim. 491, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952).

Even if the motion could be construed as a request for habeas corpus relief, however, this court would not have jurisdiction to consider this appeal. Only the Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.
Do Not Publish ─ Tex. R. App. P. 47.2(b)