**Opinion filed July 31, 2014**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-14-00196-CR

_____

## IN RE JERRY D. HARRISON

---

**Original Mandamus Proceeding**

---

### MEMORANDUM OPINION

Appearing pro se, Relator, Jerry D. Harrison, a prison inmate, has filed a petition for writ of mandamus. In his petition, Relator complains that the district judge of the 29th District Court of Palo Pinto County has not conducted a hearing on his "writ of error coram nobis."[1] Relator contends that he is attempting to "correct a defect in [his] initial habeas corpus proceeding" by seeking a "writ of error coram nobis" from the trial court. Finding we lack jurisdiction, we dismiss the petition.

The substance of the relief relator seeks by mandamus is essentially a

---

[1]The purpose of a "writ of error coram nobis" is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *Ex parte McKenzie*, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930). This common law writ is not recognized in this state. *See Ex parte Massey*, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952).

request for postconviction habeas corpus relief because he is seeking an order from this court in support of his attempt to reopen his original postconviction habeas corpus proceeding. The habeas corpus procedure set out in Article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* TEX. CODE CRIM. PRO. ANN. art. 11.07 (West Supp. 2013). Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the courts of appeals in the procedure under Article 11.07. *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding). Furthermore, an intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (orig. proceeding) (concluding intermediate appellate court could not order trial court to rule on habeas petition).

Accordingly, we dismiss relator's petition for want of jurisdiction.

PER CURIAM

July 31, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2