# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00515-CV

---

### In re Tommy Joe Kelley

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Tommy Joe Kelley has filed a "Writ of Error Coram Nobis." Looking to the substance of Kelley's pleading, rather than its title or form, we construe his pleading as a petition for writ of error coram nobis. *See Surgitek, Bristol-Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its form or caption to determine its nature).

The purpose of a writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *Ex parte McKenzie*, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930). The Texas Court of Criminal Appeals has long held that this common-law writ has no application in this state. *See Ex parte Massey*, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952); *In re Johnson*, No. 03-16-00277-CV, 2016 WL 1756707 (Tex. App.—Austin Apr. 27, 2016, orig. proceeding) (mem. op.).

The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in Texas state court.

*See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5.  Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* § 3(a); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Wood*, No. 03-16-000651-CV, 2016 WL 6575240, at *1 (Tex. App.—Austin Nov. 2, 2016, orig. proceeding) (mem. op.).

Accordingly, we dismiss Kelley's petition for want of jurisdiction.


_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed:   August 7, 2018