# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00448-CV

### In re Bryan Jarett Riepl

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Bryan Jarrett Riepl, proceeding pro se, has filed a petition for writ of error coram nobis, challenging the legality of his felony conviction for the offense of driving while intoxicated.[1]  The purpose of a writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.  *Ex parte McKenzie*, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930).  The Court of Criminal Appeals has long held that this common-law writ has no application in Texas.  *See Ex parte Massey*, 249 S.W.2d 599, 601 (Tex. Crim. App. 1952); *McKenzie*, 29 S.W.2d at 772; *see also In re Kelley*, No. 03-18-00515-CV, 2018 WL 3735975, at *1 (Tex. App.—Austin Aug. 7, 2018, orig. proceeding) (mem. op.).  The habeas corpus procedures set out in article 11.07 of the Code of Criminal Procedure provide the exclusive remedy for felony post-conviction relief in Texas, and article 11.07 vests complete jurisdiction for granting such relief in

---

[1]  We note that Riepl's conviction is not yet final, as this Court recently affirmed his conviction on appeal, and Riepl filed a petition for discretionary review with the Court of Criminal Appeals that is currently pending before that court.  *See Riepl v. State*, No. 03-22-00471-CR, 2023 WL 3727970 (Tex. App.—Austin May 31, 2023, pet. filed) (mem. op., not designated for publication).

the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). Accordingly, Riepl's remedy, if any, lies with that court.

We dismiss Riepl's petition for want of jurisdiction.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Smith

Filed: August 11, 2023