**Douglas DANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68772.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 4, 1981.

Roy L. Merrill, Jr., court appointed, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before CLINTON, ROBERTS and McCORMICK, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from denial of bail following assessment of punishment and sentence to confinement for not less than five nor more than twenty years in the Texas Department of Corrections, imposed by the trial court August 20, 1981.[1] Article 44.04, V.A.C.C.P.[2] We will affirm the denial of bail.

Appellant seeks to avoid the prohibitory language of Article 44.04(b), supra, viz:

"The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement but shall immediately be placed in custody and the bail discharged."

His theory is that by reason of a combination of circumstances—four trials, two hung

---

1. Appellant gave notices of appeal to this Court in open court the same day, which were duly noted on the trial docket sheet and, with respect to the conviction, in the sentence. The transcription of the notes of the court reporter taken during the proceeding was filed by the district clerk August 25, 1981, and the record prepared by the clerk was certified by him August 26, 1981. The Clerk of this Court re-

ceived and filed both August 31, 1981. Thus, provisions of Senate Bill No. 265, Acts 1981, 67th Leg., p. 761, ch. 291, 4 Vernon's Texas Session Law Service 1981, are not applicable.

2. Similarly, the amendment to Article 44.04(g) made by Senate Bill No. 265, supra, according a right of appeal to the Court of Appeals, did not become effective until September 1, 1981.

juries, one reversal [3]—during which he remained confined much of the time, he has actually earned nine years toward the twenty years assessed, leaving then less than fifteen years "punishment."

Conceding there are no cases in point, appellant claims support from language of the concurring opinion handed down in *Ex parte Byers*, 612 S.W.2d 534 (Tex.Cr.App. 1981):

> "There can be no question that 'confinement' as used in Article 44.04(b), V.A. C.C.P., 1965, as amended 1977, and its forerunners referred to felony convictions and imprisonment in the penitentiary— the Department of Corrections when the question of release on bail pending appeal was to be considered. There would seem to be no legislative intent to change the meaning of 'confinement' in Article 44.04, § (b), in its 1977 amendment...." *Id.*, at 540.

We are not persuaded.

While it is true that through the years of legislative changes the phrase "punishment ... has been assessed" was modified to "punishment is assessed" and finally transformed into simply "the punishment," see *Ex parte Byers*, supra, and Special Commentary and Historical Note following Article 44.04, supra, implicit in what the Court has said and done is that the term of confinement *assessed*, the maximum sentence imposed, is controlling in determining whether an appellant may be released on bail. Indeed, that is precisely what the Court looked to in *Byers*, and in *Ex parte Briones*, 563 S.W.2d 270 (Tex.Cr.App.1978); *Ex parte Rodriguez*, 597 S.W.2d 771 (Tex. Cr.App.1980); and has historically done so, e. g., *Ex parte McBride*, 108 Tex.Cr.R. 618, 2 S.W.2d 267 (1928). We do not perceive any legislative intendment to relate the prohibition of Article 44.04(b), supra, to remaining years of confinement to be served rather than to the assessed term of confinement.

Since appellant's punishment exceeds 15 years confinement, the trial court correctly denied bail.

**3.** See *Daniel v. State*, 585 S.W.2d 688 (Tex.Cr. App.1979).