**Bobby COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–97–0046–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 19, 1997.

Kregg Hukill, Olton, for appellant.

Terry McEachern, Dist. Atty., Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

CHARLES L. REYNOLDS, Senior Justice (Retired).

Adjudged guilty of the offense of delivery of a controlled substance, cocaine of less than one gram, (within 1,000 feet of a playground), appellant Bobby Coleman perfected this appeal by a general notice of appeal to challenge his plea bargained sentence of imprisonment for 15 years, and a fine of $1,000. On the rationale expressed, we must dismiss the appeal for want of jurisdiction.

The indictment, by which appellant was charged with the delivery of less than one gram of cocaine on or about 23 September 1995, also contained the allegation that the offense was committed within 1,000 feet of a playground. Included in the indictment were allegations of appellant's two prior felony convictions.

After being duly admonished, appellant, represented by a court appointed attorney, waived his right to trial by jury and, pursuant to a plea bargain, entered a plea of guilty to the offense charged. He, his attorney, and the district attorney, signed a stipulation

---

\* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.

Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

of evidence, which included the State's abandonment of one of the allegations of prior convictions. Appellant testified to his waivers, his commission of the offense, and his plea of true to the one remaining prior conviction. Punishment of imprisonment for 15 years and a fine of $1,000 was assessed in accordance with the plea bargain, and appellant accepted sentencing accordingly.

During the bench trial, the trial court advised appellant that if the court followed the plea bargain agreement, he could appeal only with the permission of the court or from rulings made on motions before trial. After sentencing, the court reiterated that limited right of appeal, and requested appellant to visit with his attorney and advise the court whether he desired to ask the court for permission to appeal. Appellant's attorney informed the court that "we discussed this matter earlier and we waive the appeal." Nevertheless, appellant later signed a general notice of appeal.

■ On appeal, appellant contends that the trial court sentenced him to a term of confinement which exceeds the maximum punishment for delivery of less than one gram of cocaine. He represents that the offense is a state jail felony, Texas Health & Safety Code Annotated § 481.112(a-b) (Vernon Supp.1997), which, at the time of the offense, was punishable by confinement in a state jail for a period of 180 days to two years and a fine not to exceed $10,000, Texas Penal Code Annotated § 12.35(a-b) (Vernon 1994), with the requirement, by the then existing article 42.12 § 15, Texas Code of Criminal Procedure Annotated (Vernon Supp.1994), that a state jail felon be placed on community supervision.

The State counters that effective 1 September 1995, twenty-three days before appellant committed the offense, Texas Health & Safety Code was amended to provide that an offense punishable as a state jail felony is punishable as a felony of the third degree when it is committed, among other places, within 1,000 feet of a playground. Tex. Health & Safety Code Ann. § 481.134(b)(1) (Vernon Supp.1997). This provision, the State argues, prevails over Penal Code section 12.35(a-b), *supra*, even though the com-

patible amendment of Code of Criminal Procedure article 42.12 § 15, *supra*, was not effective until 1 January 1996, because the two penal statutes are irreconcilable, and the latest statute enacted controls. Tex. Gov't Code Ann. 311.025(a) (Vernon 1988). Then, upon proof of the prior felony conviction, the offense was elevated to a second degree felony, Texas Penal Code Annotated § 12.42(a) (Vernon 1994), and the plea bargained punishment and sentence were within the range for a second degree felony. Tex. Penal Code Ann. § 12.33 (Vernon 1994).

A novel question is presented, but our jurisdiction to decide the point of error has not been invoked. The trial court assessed the punishment and imposed the sentence recommended by the prosecutor and agreed to by appellant and his attorney. Then, in order for appellant to prosecute an appeal for the claimed error at the time his notice of appeal was filed, (1) he must claim a jurisdictional defect, or his notice of appeal must have (2) stated that the trial court granted permission to appeal, or (3) specified that the matters were raised by written motion and ruled on before trial. Tex.R.App. P. 40(b)(1) [now, Tex.R.App. P. 25.2(b)(3)]; *Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Cr.App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

■ Compliance with the rule is jurisdictional. *Lyon v. State*, 872 S.W.2d at 735. Since appellant's general notice of appeal did not contain either a statement of granted permission to appeal or a specification of pretrial matters presented and ruled upon, it only confers jurisdiction on this Court to address the matter of assessment of punishment and imposition of sentence *if* the matter is a jurisdictional issue.

■ However, the punishment-sentence phase of the criminal proceeding is not a jurisdictional issue. This results, because in a criminal proceeding, jurisdiction is comprised of the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused, which is invoked in felony prosecutions by the filing of a sufficient indictment or infor-

mation if indictment is waived. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Cr.App.1981). Absent jurisdiction, any order entered by the court is void; but, once jurisdiction has attached, it continually embraces everything in the cause and empowers the court to determine all essential questions arising in the cause, either rightfully or wrongfully, until the cause is terminated. *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex.Cr.App.1980). Thus, it logically follows that an interpretation of the law applicable to punishment, even if erroneous, does not impact the court's jurisdiction to the extent that it becomes a jurisdictional issue in a plea bargained guilty plea so as to escape the dictates of rule 40(b)(1), *supra*, and its successor, rule 25.2(b)(3), *supra*. To hold otherwise, would constitute every ruling made by the trial court during the hearing a jurisdictional issue, thereby completely abrogating the rule applicable to the perfection of an appeal from a plea bargained plea of guilty or nolo contendere.

█ Since appellant's general notice of appeal did not comply with the rule, it did not confer any jurisdiction on this Court to address the nonjurisdictional matter of assessment of punishment and imposition of sentence. *Lyon v. State*, 872 S.W.2d at 735. Without jurisdiction to address the matter, the appeal must be dismissed. *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Cr.App.1994). However, the dismissal for failure to properly perfect the appeal does not foreclose appellant's right to post-conviction relief if, indeed, the plea bargained punishment and sentence exceeded the statutory maximum. *Ex Parte Beck*, 922 S.W.2d 181, 182 (Tex.Cr. App.1996).

Accordingly, the appeal is dismissed for want of jurisdiction.

QUINN, J., dissents.

QUINN, Justice, dissenting.

I respectfully dissent from the majority's opinion to dismiss the appeal for want of jurisdiction. Admittedly, our jurisdiction to hear issues emanating from a plea agreement is somewhat curtailed. Yet, Rule 40(b)(1) of the Texas Rules of Appellate Procedure does not preclude us from entertaining jurisdictional issues; we retain the undisputed authority to consider them. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). And, the question of whether the punishment assessed exceeded that provided by law is a jurisdictional issue.[1]

In determining whether a particular controversy encompasses a jurisdictional matter, one need only consider the definition of the term "jurisdiction." According to the Texas Court of Criminal Appeals, it not only means "the power to hear and determine the particular matter and to render some judgment thereon" but also *"the power to render the particular judgment which was rendered."* *Ex parte McKenzie*, 115 Tex.Crim. 315, 29 S.W.2d 771, 772 (1930) (emphasis added). In other words, if the court does not have the power to render the particular judgment, then it lacks *jurisdiction* and the dispute is *jurisdictional*.

Additionally, the boundaries of a court's jurisdiction or authority are defined by constitutional provision, statute, or the common law. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991). Stated differently, a court may take a particular action only if authorized by law. *Id.* If the court exceeds those boundaries by taking a particular act which no law permits, then it acts without jurisdiction. *See id.* (holding that because neither the constitution, statute, or the common law authorized the trial court to dismiss the criminal prosecution without consent from the State, the court lacked jurisdiction to so dismiss the prosecution). For example, in *Lyon v. State*, the Court of Criminal Appeals was confronted with, among other things, determining whether the purported disqualification of the trial judge from presiding over the criminal prosecution constituted

---

1. To the extent that the case of *Haller v. State*, 933 S.W.2d 262 (Tex.App.—Corpus Christi 1996, no pet.) indicates that Rule 40(b)(1) precludes a defendant who was party to a plea agreement from questioning on direct appeal whether the punishment was unauthorized by law, I find it inapposite. Simply put, that opinion never addressed whether the dispute entailed jurisdictional matter and, thus, fell outside the restrictions of that rule.

a jurisdictional issue under the auspices of Rule 40(b)(1). The court held that it was. *Lyon v. State,* 872 S.W.2d at 736, *citing Ex parte Vivier,* 699 S.W.2d 862 (Tex.Crim.App. 1985). Even though the disqualification of a *judge* to hear a proceeding would not effect the power of the *court* to entertain suits involving criminal subject matter, the act of presiding when disqualified not only violates both statute and the constitutional provision but also renders the judgment void. *Ex parte Vivier,* 699 S.W.2d 862 (Tex.Crim.App. 1985). In other words, it exceeds the authority granted by statute and constitution, and because of that, it is jurisdictional and not subject to waiver. *Ex parte Washington,* 442 S.W.2d 391, 393 (Tex.Crim.App.1969).

Here, appellant contends that the punishment assessed exceeds that permitted by statute. If correct (something which we do not now decide), then the sentence is void because the punishment "is not authorized by law." *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App.1991). Moreover, any judgment which incorporates that unauthorized punishment and void sentence cannot logically fall within the power of the court to render. Indeed, like the situation of a disqualified judge and of jurisdictional questions in general, the defect cannot be waived. *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim. App.1993). Thus, since the dispute at bar has the attributes of a jurisdictional matter as defined in *McKenzie* and also results in a void judgment like the situation addressed in *Lyon,* I cannot but conclude that it is jurisdictional and within our authority to entertain under Rule 40(b)(1).[2]

---

**2.** Interestingly, in *McKenzie,* it was decided that the dispute did not affect the court's jurisdiction since the sentence levied "was not beyond [the court's] power to enter" and since the "judgment was not void." *Ex parte McKenzie,* 115 Tex. Crim. 315, 29 S.W.2d 771, 772 (1930).