Nos. 04-98-00898-CR, 04-98-00924-CR, 04-98-00925-CR, 04-98-00926-CR



Paul RAMIREZ a/k/a Ricardo Ramirez,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court Nos. 98-CR-1235, 96-CR-4590W, 96-CR-6241, 98-CR-3510B


Honorable Terry McDonald, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: May 12, 1999


DISMISSED IN PART; AFFIRMED IN PART; AFFIRMED AS MODIFIED IN PART


 In 1996, Paul Ramirez pled guilty to theft of property valued over $1500 and less than
$20,000 (number 04-98-00924-CR) and was placed on deferred adjudication probation for three
years in accordance with a plea agreement. In 1997, Ramirez pled guilty to unauthorized use of a
motor vehicle (number 04-98-00925-CR) and was placed on deferred adjudication probation for two
years in accordance with a plea agreement. In 1998, Ramirez pled nolo contendere to aggravated
robbery (number 04-98-00898-CR) and guilty to burglary of a habitation (number 04-98-00926-CR).
On the same day, he pled true to violating the terms of his probation in the other two cases. In
accordance with the plea agreements, the trial court sentenced Ramirez to imprisonment for fifteen
years in the aggravated robbery and burglary of a habitation cases. After revoking his probation and
adjudicating him guilty, the court orally pronounced a three-year sentence in the theft case and a two-year sentence in the unauthorized use case. But the written judgment in the theft case states that
Ramirez was given a two-year sentence, and the written judgment in the unauthorized use case states
that Ramirez was given a three-year sentence.

Appeal Numbers 04-98-00898-CR, 04-98-00925-CR, and 04-98-00926-CR

 In the unauthorized use, aggravated robbery, and burglary of a habitation cases, Ramirez's
court-appointed attorney has filed briefs containing a professional evaluation of the record and
demonstrating that there are no arguable grounds to be advanced. Counsel concludes that the appeals
are frivolous and without merit. The briefs meet the requirements of Anders v. California, 386 U.S.
738, 744-45 (1967). Ramirez has been provided with a copy of the briefs and advised of his right to
review the records and file pro se briefs.

 Ramirez has filed a brief raising two issues. First, he asserts that he is not guilty of aggravated
robbery. We do not have jurisdiction over this issue. See Tex. R. App. P. 25.2(b)(3); Davis v. State,
870 S.W.2d 43, 46 (Tex. Crim. App. 1994). Second, he asserts that his trial counsel was ineffective
in failing to explain that he was entering a nolo contendere plea. He claims he thought he was going
to have a jury trial on the aggravated robbery charge and he did not understand "what was going on"
when he pled nolo contendere. We will construe this assertion as an argument that his plea was
involuntary and we will assume arguendo that we have jurisdiction over this issue. See Flowers v.
State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996) (construing Rule 40(b)(1)). But see Villanueva
v. State, 977 S.W.2d 693, 696 (Tex. App.--Fort Worth 1998, no pet.) (holding that under Rule
25.2(b)(3), defendant may raise voluntariness on appeal only with the trial court's permission). There
is nothing in the record to support Ramirez's claim that he did not understand the nature of the plea
proceeding. Instead, the record contains a document in which Ramirez waived his right to trial on
the aggravated robbery charge and agreed to plead nolo contendere. At the hearing, Ramirez
acknowledged that he had signed this document and informed the trial court that he understood the
document. We therefore overrule Ramirez's second pro se issue. See Crawford v. State, 890 S.W.2d
941, 944-45 (Tex. App.--San Antonio 1994, no pet.).

 After reviewing the record, counsel's brief, and the pro se brief, we conclude that the appeals
are without merit. We note, however, that the judgment in the unauthorized use case does not
correctly set forth Ramirez's punishment. The court orally pronounced a two-year sentence, but the
written judgment reflects a three-year sentence. We will reform the judgment to correct this clerical
error. See Coffey v. State, 979 S.W.2d 326, 328-29 (Tex. Crim. App. 1998) ("[W]hen there is a
variation between the oral pronouncement of sentence and the written memorialization of the
sentence, the oral pronouncement controls.").

Appeal Number 04-98-00924-CR

 In the theft case, counsel has filed a brief arguing that the three-year sentence orally
pronounced by the trial court is void because it exceeds the maximum sentence allowed for a state
jail felony. We do not have jurisdiction over this issue. See Coleman v. State, 955 S.W.2d 360, 363
(Tex. App.--Amarillo 1997, no pet.); Haller v. State, 933 S.W.2d 262, 262-63 (Tex. App.--Corpus
Christi 1996, no pet.). We therefore dismiss the appeal in number 04-98-00924-CR. We note,
however, that Ramirez is not serving a void sentence. Both the written judgment and the
commitment notice order Ramirez to be incarcerated for two years, which is within the range allowed
for state jail felonies. See Tex. Penal Code Ann. § 12.35(a) (Vernon 1994).


 Tom Rickhoff, Justice

DO NOT PUBLISH