NO. 07-01-0088-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 30, 2001



______________________________




CHARLIE EDWARD BROADBENT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 5592; HONORABLE LEE WATERS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

 In this appeal, appellant Charlie Edward Broadbent challenges his conviction of
aggravated assault on a public servant. Pursuant to his guilty plea and a plea bargain, he
was originally granted deferred adjudication. Subsequently, he was adjudicated guilty and
ordered to serve ten years confinement in the Institutional Division of the Department of
Criminal Justice. In pursuing his challenge, he presents five issues for our consideration. 
In those issues, he argues: 1) the trial evidence was insufficient to sustain the court's
revocation of deferred adjudication because the terms of the order placing him on deferred
adjudication probation were never placed into evidence; 2) he should have been granted
a new trial because the evidence "was insufficient to sentence appellant"; 3) the trial court
erred in not admitting him to bond because the offense for which he was convicted was
committed prior to the September 1, 1999 effective date of the amendment of article
44.04(b) of the Code of Criminal Procedure; 4) the trial court erred in refusing him an
appeal bond while this appeal is pending because, with credit for jail time, his sentence
would be less than ten years, and article 44.04(b) of the Code of Criminal Procedure
permits an appeal bond in such instances; and 5) the trial court erred in denying his
request for an appeal bond without a hearing. Disagreeing that the answers to any of the
issues require reversal, we affirm the judgment of the trial court.

 We must first decide if we have jurisdiction to consider this appeal. That question
arises because, as we have noted, appellant was placed on deferred adjudication as the
result of a plea bargain. That being so, to vest us with jurisdiction, appellant's notice of
appeal must have complied with the requisites of Texas Rule of Appellate Procedure
25.2(b)(3).

 In matters such as that now before us, i.e., a proceeding to adjudicate guilt in a
deferred adjudication matter which was the result of a plea-bargained guilty plea, Rule
25.2(b)(3) requires that at least one of three averments appear in the notice of appeal. 
Those three averments are: 1) the appeal involves a jurisdictional defect; 2) the substance
of the appeal was raised below by a written motion which was ruled on by the trial court;
or 3) the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). If there are
no such allegations in the notice of appeal, we are restricted to consider only those issues
or points averring jurisdictional defects. 

 In that connection, the Court of Criminal Appeals recently had occasion to revisit the
question of an appeal from an adjudication of guilt after a plea-bargained grant of deferred
adjudication. See Vidaurri v. State, 49 S.W.3d 880 (Tex.Crim.App. 2001). As relevant
here, the court held an appellant's right to appeal a decision to proceed to adjudication was
subject to the requirements set out in Rule 25.2(b). Id. at 884-85. The court also held that,
with the exception of a right to a separate punishment hearing, if timely requested, an
appellant's right to appeal a decision to proceed to adjudication was limited to the matters
set out in Rule 25.2(b)(3). Id. Parenthetically, the court also noted that if a defendant was
improperly sentenced without the opportunity to present evidence prior to sentencing, the
error may be preserved by raising it in a motion for new trial. Id. at 886. Although its
impact was not discussed by the Vidaurri court, we also note that article 42.12 of the Code
of Criminal Procedure provides that "[n]o appeal may be taken from this determination [to
adjudicate guilt]." Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001). It
is well established that a state may limit or even deny the right to appeal a criminal
conviction. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992).

 In this proceeding, appellant originally only filed a general notice of appeal.
Subsequently, he filed an instrument which he denominated as an "Amended Notice of
Limited Appeal." In that instrument, he states that his appeal "is limited to the following
points of error related to the punishment phase of the trial only." The points he enumerates
are:

 1. Whether there was no evidence or insufficient evidence introduced by the
State at the punishment phase to support conviction of Defendant.


 2. Whether the trial court erred in refusing to consent to permit Defendant
to prosecute [his] appeal;


 3. Whether the trial court erred in refusing to set bond while Defendant
appeals this conviction, the offense occurring prior to the change in article
44.04, T. R. Crim. P.


 Although appellant did timely file a motion for new trial, in that motion his allegations
were:

 The trial court committed a material error calculated to injure the rights of the
accused, to-wit: 

 (a) the trial court was not requested to take judicial notice of the file and in
fact did not take judicial notice of the previous file in this case, nor did the
State offer into evidence copies of the original judgment in the case placing
Defendant on Deferred Adjudication and therefore there was no evidence
upon which to base the sentencing of Defendant for a violation of the terms
and conditions of such judgment;

 (b) there is insufficient evidence to support the sentence imposed upon
Defendant by the trial court in that the State offered no evidence as to the
terms and conditions of the judgment purportedly violated by the Defendant.


 Thus, neither at trial nor in his motion for new trial did appellant request a separate
punishment hearing. Even if his first two issues could be construed as being directed at
the punishment assessed at the adjudication proceeding, by his failure to timely request
a separate punishment hearing, he has waived his right to complain of any alleged
deficiencies in the adjudication hearing. Thus, in this appeal, we are limited to matters that
might constitute a jurisdictional defect.

 The thrust of appellant's challenge under his first two issues is that because the
State failed to introduce the order deferring adjudication and placing him on probation, the
evidence was insufficient to justify adjudicating his guilt and assessing his punishment. 
However, evidentiary insufficiency does not affect the jurisdiction of the court to consider
motions to adjudicate guilt. Thus, because appellant failed to meet the prescribed
requirements of article 25.2(b)(3), we have no jurisdiction to consider his appeal.

 Moreover, even assuming arguendo that appellant was entitled to raise the issues
on appeal, they do not present reversible error. In Cobb v. State, 851 S.W.2d 871 (Tex.
Crim.App. 1993), the court had occasion to consider the revocation of a "regular" probation. 
In that case, the appellant also argued that because the State had failed to introduce the
judgment and the probation order into evidence, the evidence was insufficient to show a
violation of the terms of probation. Id. at 872. In overruling that challenge, the Cobb court
held that while it was essential that these documents appear in the record, it was not
necessary that they be formally proved in the revocation hearing. Id. at 873-74. The court
explained its holding by noting that the probation revocation hearing was merely an
extension of the original proceeding and if the documents were contained in the court's
record, their receipt into evidence was not necessary. Id.

 In arguing that the Cobb rationale is not applicable here, appellant reasons that
because "no adjudication of guilt has been entered prior to the [adjudication] hearing, an
adjudication of guilt at the hearing comes before the imposition of a sentence and before
determination of the criminal proceedings." Continuing, he argues that while such formal
proof may not be necessary in a probation revocation hearing, "it is certainly required at
the punishment phase of the trial." Thus, he concludes, without the order deferring
adjudication and setting the probationary conditions under which adjudication was
deferred, the court could not determine if any of the probationary conditions were violated
and the evidence was thus insufficient.

 Appellant's argument overlooks the clear teaching of Cobb, which was that because
of a trial court's continuing jurisdiction over a case until a final judgment is entered, an
order granting probation is actually interlocutory until a final order is entered either
dismissing the prosecution or proceeding to adjudication and assessing a sentence. 
Likewise, in deferred adjudication proceedings, the trial court's jurisdiction continues until
the proceeding is dismissed because the defendant has fulfilled the conditions of the
deferred adjudication or until an adjudication and sentencing has occurred. Therefore, the
re-introduction of instruments already in the court's record is not necessary in either regular
revocation or deferred adjudication proceedings.

 Additionally, and parenthetically, at the adjudication hearing, the trial judge carefully
read the violations of appellant's probation alleged in the State's motion to proceed to
adjudication. Appellant entered a plea of true to two of those allegations, namely that he
failed to report and participate in community service projects as ordered. It is established
that in cases of "regular" probation, a plea of true to any of the alleged violations of
probation is sufficient to support a revocation and, once a plea of true has been entered,
a defendant may not challenge the sufficiency of the evidence to support the subsequent
revocation. See Rincon v. State, 615 S.W.2d 746, 747 (Tex.Crim.App. 1981); Moses v.
State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Cole v. State, 578 S.W.2d 127, 128
(Tex.Crim.App. 1979). Because of the similarity of the two situations, the same rule would
be applicable in adjudication hearings. Thus, even assuming arguendo that appellant was
entitled to raise the question of the sufficiency of the evidence, no reversible error has
been shown. Appellant's first two issues are overruled.

 In his next three issues, appellant contends the trial court violated his constitutional
rights by retroactively applying an amendment of article 44.04(b) of the Code of Criminal
Procedure. On June 2, 1997, the date that appellant was granted deferred adjudication,
article 44.04(b) allowed an appeal bond if the punishment was assessed at 15 years
confinement or less. However, effective September 1, 1999, the article was amended to
prohibit the release of a defendant on bond pending appeal from a felony conviction in
which the punishment assessed equals or exceeds 10 years confinement. Tex. Code
Crim. Proc. Ann. art. 44.04(b) (Vernon Supp. 2001).

 Article 1, section 16 of the Texas Constitution provides:

 No bill of attainder, ex post facto, retroactive law, or any law impairing the
obligation of contracts, shall be made.


 Appellant argues that because his "conviction" relates back to "June 2, 1997, the effect
of the amendment to Article 44.04(b) in 1999 is to the detriment or disadvantage of
Appellant and would be unconstitutional."

 An ex post facto law is one that 1) punishes as a crime an act previously committed
which was innocent when done; 2) changes the punishment and inflicts a greater
punishment than the law attached to the criminal offense when committed; 3) deprives a
person charged with a crime of any defense available at the time the act was committed;
or 4) alters the legal rules of evidence and requires less or different evidence than the law
required at the time of the commission of the offense. Carmell v. Texas, 529 U.S. 513, 522,
120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000); Grimes v. State, 807 S.W.2d 582, 584
(Tex.Crim.App. 1991).

 In this case, it is evident that appellant was not convicted until March 8, 2001, the
date he was actually adjudicated guilty and his punishment assessed at ten years
confinement in the Institutional Division of the Department of Criminal Justice. That date,
of course, is well after the September 1, 1999 effective date of the amendment to the
statute. The application of article 44.04(b) as amended, does not punish as a crime an act
previously committed that was innocent when done, it does not make more burdensome
the punishment for a crime after its commission, it does not deprive appellant of any
defense according to law at the time he committed the offense, and it does not alter or
reduce the quantum of evidence required to convict appellant of an offense. Thus,
implementation of the amended statute does not have any retroactive or ex post facto
effect.

 Appellant also argues that even assuming application of the amended statute is
correct, with his allowed credit for 117 days jail time, "his sentence at the time of
sentencing was considerably less than ten (10) years and he was entitled to bond pending
this appeal." As authority for that contention, he cites Jackson v. State, 990 S.W.2d 879
(Tex.App.-Beaumont 1999, no pet.). Arguably, the portion of that opinion in which the
court held that the limitation prohibiting appeals from decisions to adjudicate guilt after a
deferred adjudication is granted, does not prevent appellate consideration of claims that
the punishment assessed was not within the range allowed by law might be relevant. Id.
at 81. However, this court has disagreed with that holding. See Coleman v. State, 955
S.W.2d 360, 362 (Tex.App.-Amarillo 1997, no pet.).

 Moreover, even assuming the Beaumont court's decision is correct, in this case,
appellant is not arguing the sentence assessed by the trial court is not within the range
prescribed by law. Rather, the question he presents is whether his eligibility for an appeal
bond is measured by the number of years of imprisonment actually assessed or by the
lesser amount of time appellant would actually be required to serve to satisfy his sentence.

 In Daniel v. State, 623 S.W.2d 411 (Tex.Crim.App. 1981), the court had occasion
to consider a similar question. In doing so, it concluded that "the term of confinement
assessed, the maximum sentence imposed, is controlling whether an appellant may be
released on bond" (emphasis added). Id. at 412. We agree with that holding. That being
so, the trial court here did not err in refusing an appeal bond pending this appeal. 
Appellant's third, fourth, and fifth issues are overruled.

 In final summary, all of appellant's issues are overruled and the judgment of the trial
court is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish. 



e="Bibliography"/>
 
 









NO. 07-10-00517-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
13, 2011

 



 

IN RE PASCAL MORGAN, RELATOR



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appearing pro se, relator Pascal Morgan has filed a
petition for writ of mandamus seeking an order directing the Honorable Pat
Boone, Jr., to rule on a motion to set aside and vacate a void judgment.  According to relator,
seventy-five days have passed without judicial determination of the
motion.  We will deny the petition.

A relator
seeking relief by mandamus must show that the trial court clearly abused its
discretion, and the relator has no adequate remedy by
appeal.  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding) (citing In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).  Before mandamus relief may issue, the relator must establish that the trial court 1) had a legal
duty to perform a non-discretionary act, 2) was asked to perform the act, and
3) failed or refused to do so.  OConnor v. First Court of Appeals, 837 S.W.2d 94,
97 (Tex. 1992) (orig. proceeding); In re
Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo
2001, orig. proceeding).

Relator is not entitled to relief by
mandamus for several reasons.  First, his
petition omits the certification required by Rule of Appellate Procedure
52.3(j).[1]  

Second, relator
identifies the respondent of his petition as the Honorable Pat Boone, Jr.,
presiding Judge of the 154th Court of Lamb County, Texas.  We take judicial notice that Judge Boone is
deceased and the Honorable Felix Klein is judge of that court.  Mandamus is directed specifically to an
individual judicial officer.  It is not
directed to a judge simply because he or she occupies the office formerly held
by the judge of whom a relator complains.  See In
re Roseland Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.--Eastland
2001, orig. proceeding) ([m]andamus is personal to
the judge).  In other words, [a] writ
of mandamus will not lie against a successor judge in the absence of a refusal
by him to grant the relief Relator seeks.  State
v. Olsen, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding).  The record relator
presents does not include any evidence that at a time Judge Boone presided over
the 154th Judicial District Court relator demanded of
him a ruling on his motion and Judge Boone failed or refused to act.  Thus, the present proceeding is not a case
subject to the abatement procedure of Rule of Appellate Procedure 7.2.[2]  Because relator has
failed to name the proper respondent, his petition must be denied.

Third, even had relator
named the proper respondent, mandamus relief could not issue.  The appendix filed by relator
contains his motion and a transmittal letter to the district clerk.  Neither the motion nor the letter
bear any indication they were received and filed by the district
clerk.  Importantly, missing from the
mandamus record is any proof the motion was called to the attention of the
presiding judge.  A court has no duty to
consider a motion not called to its attention. 
Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston
[1st Dist.] 1994, writ denied). 
Merely filing a motion with the district clerk does not prove it was
brought to the attention of the trial court because the clerks knowledge of
the motion is not imputed to the trial court. 
In re Chavez,
62 S.W.3d at 228.  Therefore, a [relator] must prove that the trial court received notice of
the pleading . . . . Merely alleging that something was filed with or mailed to
the district clerk does not satisfy that requirement.  In re Metoyer, No. 07-07-0506-CR, 2008 Tex. App. Lexis 243,
at *4 n.2, (Tex.App.--Amarillo January 14, 2008,
orig. proceeding) (mem. op.) (not
designated for publication) (citations omitted).  The rationale underlying  this precept is apparent.  [A] court cannot be faulted for doing
nothing when it is or was unaware of the need to act.  In re Metoyer, 2008 Tex. App. Lexis 243,
at *3.  Relators
petition fails for want of proof that his motion was brought to the attention
of the trial court and it failed or refused to act.  See In
re Posey, No. 07-03-0518-CV, 2004 Tex. App. Lexis 695, at *2-*3 (Tex.App.--Amarillo January 22, 2004, orig. proceeding) (mem. op.).

Based on the foregoing analysis, we
deny relators petition for writ of mandamus. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 








 











[1] Relator attaches an inmate
declaration to his petition but omits the required certification of Rule of
Appellate Procedure 52.3(j) that he reviewed the petition and concluded that
every factual statement in the petition is supported by competent evidence
included in the appendix or record.  Tex. R. App. P. 52.3(j).

 





[2]  A writ of
mandamus will not issue against the new judge of a court for the action of a
former judge.  Rather Rule of Appellate
procedure 7.2 requires abatement of a pending original proceeding so that the
successor judge may consider the complained-of order of his or her predecessor.
 Tex. R. App. P. 7.2; In re Baylor Medical Center at Garland,
280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding).  Here, since the motion was not presented to
Judge Boone, there is nothing for Judge Klein to reconsider.