NO. 07-01-0088-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 30, 2001

_____


CHARLIE EDWARD BROADBENT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 5592; HONORABLE LEE WATERS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, appellant Charlie Edward Broadbent challenges his conviction of aggravated assault on a public servant.  Pursuant to his guilty plea and a plea bargain, he was originally granted deferred adjudication.  Subsequently, he was adjudicated guilty and ordered to serve ten years confinement in the Institutional Division of the Department of Criminal Justice.  In pursuing his challenge, he presents five issues for our consideration.  In those issues, he argues:  1) the trial evidence was insufficient to sustain the court's

revocation of deferred adjudication because the terms of the order placing him on deferred adjudication probation were never placed into evidence; 2) he should have been granted a new trial because the evidence "was insufficient to sentence appellant"; 3) the trial court erred in not admitting him to bond because the offense for which he was convicted was committed prior to the September 1, 1999 effective date of the amendment of article 44.04(b) of the Code of Criminal Procedure; 4) the trial court erred in refusing him an appeal bond while this appeal is pending because, with credit for jail time, his sentence would be less than ten years, and article 44.04(b) of the Code of Criminal Procedure permits an appeal bond in such instances; and 5) the trial court erred in denying his request for an appeal bond without a hearing. Disagreeing that the answers to any of the issues require reversal, we affirm the judgment of the trial court.

We must first decide if we have jurisdiction to consider this appeal. That question arises because, as we have noted, appellant was placed on deferred adjudication as the result of a plea bargain. That being so, to vest us with jurisdiction, appellant's notice of appeal must have complied with the requisites of Texas Rule of Appellate Procedure 25.2(b)(3).

In matters such as that now before us, *i.e.*, a proceeding to adjudicate guilt in a deferred adjudication matter which was the result of a plea-bargained guilty plea, Rule 25.2(b)(3) requires that at least one of three averments appear in the notice of appeal. Those three averments are: 1) the appeal involves a jurisdictional defect; 2) the substance of the appeal was raised below by a written motion which was ruled on by the trial court;

or 3) the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). If there are no such allegations in the notice of appeal, we are restricted to consider only those issues or points averring jurisdictional defects.

In that connection, the Court of Criminal Appeals recently had occasion to revisit the question of an appeal from an adjudication of guilt after a plea-bargained grant of deferred adjudication. *See Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App. 2001). As relevant here, the court held an appellant's right to appeal a decision to proceed to adjudication was subject to the requirements set out in Rule 25.2(b). *Id.* at 884-85. The court also held that, with the exception of a right to a separate punishment hearing, **if timely requested**, an appellant's right to appeal a decision to proceed to adjudication was limited to the matters set out in Rule 25.2(b)(3). *Id.* Parenthetically, the court also noted that if a defendant was improperly sentenced without the opportunity to present evidence prior to sentencing, the error may be preserved by raising it in a motion for new trial. *Id*. at 886. Although its impact was not discussed by the *Vidaurri* court, we also note that article 42.12 of the Code of Criminal Procedure provides that "[n]o appeal may be taken from this determination [to adjudicate guilt]." Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001). It is well established that a state may limit or even deny the right to appeal a criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992).

In this proceeding, appellant originally only filed a general notice of appeal. Subsequently, he filed an instrument which he denominated as an "Amended Notice of Limited Appeal." In that instrument, he states that his appeal "is limited to the following

3

points of error related to the punishment phase of the trial only." The points he enumerates are:

1. Whether there was no evidence or insufficient evidence introduced by the State at the punishment phase to support conviction of Defendant.

2. Whether the trial court erred in refusing to consent to permit Defendant to prosecute [his] appeal;

3. Whether the trial court erred in refusing to set bond while Defendant appeals this conviction, the offense occurring prior to the change in article 44.04, T. R. Crim. P.

Although appellant did timely file a motion for new trial, in that motion his allegations were:

The trial court committed a material error calculated to injure the rights of the accused, to-wit:

(a) the trial court was not requested to take judicial notice of the file and in fact did not take judicial notice of the previous file in this case, nor did the State offer into evidence copies of the original judgment in the case placing Defendant on Deferred Adjudication and therefore there was no evidence upon which to base the sentencing of Defendant for a violation of the terms and conditions of such judgment;

(b) there is insufficient evidence to support the sentence imposed upon Defendant by the trial court in that the State offered no evidence as to the terms and conditions of the judgment purportedly violated by the Defendant.

Thus, neither at trial nor in his motion for new trial did appellant request a separate punishment hearing. Even if his first two issues could be construed as being directed at the punishment assessed at the adjudication proceeding, by his failure to timely request a separate punishment hearing, he has waived his right to complain of any alleged

4

deficiencies in the adjudication hearing. Thus, in this appeal, we are limited to matters that might constitute a jurisdictional defect.

The thrust of appellant's challenge under his first two issues is that because the State failed to introduce the order deferring adjudication and placing him on probation, the evidence was insufficient to justify adjudicating his guilt and assessing his punishment. However, evidentiary insufficiency does not affect the jurisdiction of the court to consider motions to adjudicate guilt. Thus, because appellant failed to meet the prescribed requirements of article 25.2(b)(3), we have no jurisdiction to consider his appeal.

Moreover, even assuming arguendo that appellant was entitled to raise the issues on appeal, they do not present reversible error. In *Cobb v. State*, 851 S.W.2d 871 (Tex. Crim.App. 1993), the court had occasion to consider the revocation of a "regular" probation. In that case, the appellant also argued that because the State had failed to introduce the judgment and the probation order into evidence, the evidence was insufficient to show a violation of the terms of probation. *Id*. at 872. In overruling that challenge, the *Cobb* court held that while it was essential that these documents appear in the record, it was not necessary that they be formally proved in the revocation hearing. *Id*. at 873-74. The court explained its holding by noting that the probation revocation hearing was merely an extension of the original proceeding and if the documents were contained in the court's record, their receipt into evidence was not necessary. *Id*.

In arguing that the *Cobb* rationale is not applicable here, appellant reasons that because "no adjudication of guilt has been entered prior to the [adjudication] hearing, an adjudication of guilt at the hearing comes before the imposition of a sentence and before determination of the criminal proceedings." Continuing, he argues that while such formal proof may not be necessary in a probation revocation hearing, "it is certainly required at the punishment phase of the trial." Thus, he concludes, without the order deferring adjudication and setting the probationary conditions under which adjudication was deferred, the court could not determine if any of the probationary conditions were violated and the evidence was thus insufficient.

Appellant's argument overlooks the clear teaching of *Cobb*, which was that because of a trial court's continuing jurisdiction over a case until a final judgment is entered, an order granting probation is actually interlocutory until a final order is entered either dismissing the prosecution or proceeding to adjudication and assessing a sentence. Likewise, in deferred adjudication proceedings, the trial court's jurisdiction continues until the proceeding is dismissed because the defendant has fulfilled the conditions of the deferred adjudication or until an adjudication and sentencing has occurred. Therefore, the re-introduction of instruments already in the court's record is not necessary in either regular revocation or deferred adjudication proceedings.

Additionally, and parenthetically, at the adjudication hearing, the trial judge carefully read the violations of appellant's probation alleged in the State's motion to proceed to adjudication. Appellant entered a plea of true to two of those allegations, namely that he

6

failed to report and participate in community service projects as ordered. It is established that in cases of "regular" probation, a plea of true to any of the alleged violations of probation is sufficient to support a revocation and, once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex.Crim.App. 1981); *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979). Because of the similarity of the two situations, the same rule would be applicable in adjudication hearings. Thus, even assuming arguendo that appellant was entitled to raise the question of the sufficiency of the evidence, no reversible error has been shown. Appellant's first two issues are overruled.

In his next three issues, appellant contends the trial court violated his constitutional rights by retroactively applying an amendment of article 44.04(b) of the Code of Criminal Procedure. On June 2, 1997, the date that appellant was granted deferred adjudication, article 44.04(b) allowed an appeal bond if the punishment was assessed at 15 years confinement or less. However, effective September 1, 1999, the article was amended to prohibit the release of a defendant on bond pending appeal from a felony conviction in which the punishment assessed equals or exceeds 10 years confinement. Tex. Code Crim. Proc. Ann. art. 44.04(b) (Vernon Supp. 2001).

Article 1, section 16 of the Texas Constitution provides:

No bill of attainder, ex post facto, retroactive law, or any law impairing the obligation of contracts, shall be made.

7

Appellant argues that because his "conviction" relates back to "June 2, 1997, the effect of the amendment to Article 44.04(b) in 1999 is to the detriment or disadvantage of Appellant and would be unconstitutional."

An *ex post facto* law is one that 1) punishes as a crime an act previously committed which was innocent when done; 2) changes the punishment and inflicts a greater punishment than the law attached to the criminal offense when committed; 3) deprives a person charged with a crime of any defense available at the time the act was committed; or 4) alters the legal rules of evidence and requires less or different evidence than the law required at the time of the commission of the offense. *Carmell v. Texas*, 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000); *Grimes v. State*, 807 S.W.2d 582, 584 (Tex.Crim.App. 1991).

In this case, it is evident that appellant was not convicted until March 8, 2001, the date he was actually adjudicated guilty and his punishment assessed at ten years confinement in the Institutional Division of the Department of Criminal Justice. That date, of course, is well after the September 1, 1999 effective date of the amendment to the statute. The application of article 44.04(b) as amended, does not punish as a crime an act previously committed that was innocent when done, it does not make more burdensome the punishment for a crime after its commission, it does not deprive appellant of any defense according to law at the time he committed the offense, and it does not alter or reduce the *quantum* of evidence required to convict appellant of an offense. Thus,

8

implementation of the amended statute does not have any retroactive or *ex post facto* effect.

Appellant also argues that even assuming application of the amended statute is correct, with his allowed credit for 117 days jail time, "his sentence at the time of sentencing was considerably less than ten (10) years and he was entitled to bond pending this appeal." As authority for that contention, he cites *Jackson v. State*, 990 S.W.2d 879 (Tex.App.–Beaumont 1999, no pet.). Arguably, the portion of that opinion in which the court held that the limitation prohibiting appeals from decisions to adjudicate guilt after a deferred adjudication is granted, does not prevent appellate consideration of claims that the punishment assessed was not within the range allowed by law might be relevant. *Id.* at 81. However, this court has disagreed with that holding. *See Coleman v. State*, 955 S.W.2d 360, 362 (Tex.App.–Amarillo 1997, no pet.).

Moreover, even assuming the Beaumont court's decision is correct, in this case, appellant is not arguing the sentence assessed by the trial court is not within the range prescribed by law. Rather, the question he presents is whether his eligibility for an appeal bond is measured by the number of years of imprisonment actually assessed or by the lesser amount of time appellant would actually be required to serve to satisfy his sentence.

In *Daniel v. State*, 623 S.W.2d 411 (Tex.Crim.App. 1981), the court had occasion to consider a similar question. In doing so, it concluded that "the term of confinement *assessed*, the maximum sentence imposed, is controlling whether an appellant may be

9

released on bond" (emphasis added). *Id.* at 412. We agree with that holding. That being so, the trial court here did not err in refusing an appeal bond pending this appeal. Appellant's third, fourth, and fifth issues are overruled.

In final summary, all of appellant's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.