NO. 07-00-0305-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 13, 2001



______________________________




FRANCISCO JAVIER OLVERA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;



NO. 824785; HONORABLE JIM WALLACE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Francisco Javier Olvera appeals from his conviction and sentence for
possession of marijuana, 5-50 pounds. We dismiss for lack of jurisdiction. 

 On April 6, 2000, pursuant to a plea bargain, appellant pled guilty to the charge of
possession of marijuana, 5-50 pounds, in the 263rd District Court of Harris County, Texas. 
The trial court honored the plea bargain and sentenced appellant to incarceration in the
Texas Department of Criminal Justice-Institutional Division, for five years. 

 Acting pro se, appellant filed a general notice of appeal. The trial court appointed
appellate counsel, who has filed a Motion to Withdraw and a Brief in Support thereof. In
support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which an arguably meritorious appeal can be predicated. 
Counsel concludes that the appeal is without merit. Counsel has discussed why, under
the controlling authorities, there is no reversible error in the trial court proceedings or 
judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has likewise advised appellant of his right to file a
response to counsel's motion and Anders brief. Appellant has not filed a response.

 To perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). Dismissal of
an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal
is proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732,
736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record.
See Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.-Dallas 1999, no pet.). In other
words, if TRAP 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction
invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and
substance. Id. 

 Subsequent to the time appellant filed his general notice of appeal and appointed
counsel filed his Anders brief, the Court of Criminal Appeals held that a plea-bargaining
defendant such as appellant may not appeal the voluntariness of the plea. See Cooper
v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001). Because appellant, thus, cannot question
the voluntariness of his plea based on his general notice of appeal, and because his notice
of appeal does not state that his appeal (1) involves an overruled, written pre-trial motion,
(2) is based on permission of the trial court or (3) is for a jurisdictional defect, appellant
has not invoked our appellate jurisdiction and we must dismiss the appeal. See Sherman,
12 S.W.3d at 492. 

 Accordingly, the appeal is dismissed for lack of jurisdiction. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because we have no jurisdiction over the
appeal except to dismiss it, see id., we cannot and do not consider appellate counsel's
Motion to Withdraw. 


 Phil Johnson

 Justice


Do not publish. 



 days in jail and then
remain on community supervision for two years. Therefore, her community supervision
period had not expired at the time the State filed its motion to revoke. 

 In her second issue, appellant claims the court's order requiring her to serve 30
days in jail was not authorized. In doing so, she argues that the statutory range of
punishment for the conviction of a state jail felony is by confinement in a state jail for any
term of not more than two years or less than 180 days. See Tex. Pen. Code Ann. §
12.35(a) (Vernon 1994). Thus, she posits, the trial court had no authority to order her to
serve 30 days in the Bailey County Jail in addition to the two years confinement in a state
jail facility. Therefore, she concludes, the sentence is void, because it exceeds the
statutory authorization. In mounting her challenge, she argues that because of the
unauthorized sentence, the original judgment was void, which would invalidate the order
revoking the probation granted her in the original judgment.

 In the recent case of Nix v. State, No. 793-00, slip op. at 5-7, 2001 WL 717453
(Tex.Crim.App. 2001), the court noted the existing rule that in cases that involved an
appeal from a revocation of "regular probation," an exception existed to the general rule
that defects in the original judgment not timely raised in a direct appeal from that judgment
could not be raised in that appeal. That exception exists in cases in which the error
asserted would render the original judgment void. Id. The court explicated that a criminal
judgment was void when: 1) the document purporting to be a charging instrument (i.e.,
indictment, information, or complaint) does not satisfy the constitutional requisites of a
charging instrument), thus, the trial court has no jurisdiction over the defendant; 2) the trial
court lacks subject matter jurisdiction over the offense charged, such as when a
misdemeanor involving official misconduct is tried in a county court at law; 3) the record
reflects there is no evidence to support the conviction; or 4) an indigent defendant is
required to face criminal trial proceedings without appointed counsel, when such has not
been waived in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d
799 (1963). Id. at p. 6 n.13-15. After listing these examples, the court commented that
while it hesitated to call this list an exclusive one, "it is very nearly so."

 This particular complaint arises from the trial court's original order placing appellant
under community supervision. In order to timely perfect a regular appeal from that
judgment, she must have given notice of appeal within 30 days from May 1, 1997, the date
of imposition of her sentence. Tex. R. App. P. 26.2(1). She did not do so. That being true,
unless her sentence was void, we are without jurisdiction in this attempt to consider
appellant's second challenge.

 In Coleman v. State, 955 S.W.2d 360 (Tex.App.--Amarillo 1997, no pet.), we were
presented with an analogous question. In that case, the appellant also argued that his
assessed sentence was void because it exceeded the allowable maximum. In that
connection, we opined "an interpretation of the law applicable to punishment, even if
erroneous, does not impact the court's jurisdiction to the extent it becomes a jurisdictional
issue . . . ." Id. at 362-63. We continue to adhere to that reasoning. Parenthetically, as
we did in Coleman, we note that the failure to properly perfect the appeal does not
foreclose appellant's right to post-conviction relief if, indeed, the sentence assessed was
not authorized under the statute. 

 Because we have no jurisdiction in this direct appeal to consider appellant's
complaints, we must, and do hereby, dismiss this appeal for want of jurisdiction.


 John T. Boyd

 Chief Justice


Do not publish.