NO. 07-01-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 20, 2001

_____

TRUESHELL DENISE GREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 1830; HONORABLE JACK D. YOUNG, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

In two issues, appellant Trueshell Denise Grey challenges an order removing the community supervision granted her after her conviction by a jury of the offense of criminal negligence causing injury to a child.  Her sentence was assessed by the trial court at confinement in a state jail facility for two years.  However, the imposition of the sentence was suspended and appellant placed under community supervision for a period of two

years "only after serving thirty (30) days in the Bailey County Jail and/or a State Jail Facility." In addition to that sentence, she was ordered to pay a $1,000 fine. For reasons we later state, we must dismiss this appeal because we lack jurisdiction to consider it.

Appellant originally attempted to appeal her conviction, but her direct appeal was dismissed by this court because no timely notice of appeal was filed and we lacked jurisdiction to consider it. A mandate carrying forward that dismissal was issued on February 1, 1998. The State filed a motion to revoke probation on April 12, 2000. After a hearing on that motion, on September 6, 2000, the trial court entered its order in which it found that appellant had been confined in a state jail facility from November 9, 1999, until December 8, 1999, which fulfilled the 30-day jail requirement and, therefore, her two-year term of community supervision began on December 8, 1999. Noting that the motion to revoke probation incorrectly alleged that appellant's community supervision period began on May 1, 1997, and expired on April 30, 1999, the court also dismissed the motion to revoke probation. Appellant did not timely attempt to appeal the trial court's holding as to the probation period.

On November 21, 2000, the State filed another motion to revoke probation, which was amended on March 6, 2001. At the April 11, 2001 hearing on the amended motion, the trial court continued appellant under community supervision, but extended the probation period to April 11, 2003, and modified the supervisory requirements to provide

2

that appellant serve a term of 23 months in a community corrections facility. That is the order giving rise to this appeal.

In her issues, appellant argues 1) the trial court erred in its finding in its September 6, 2000 judgment, that appellant's community supervision term commenced December 8, 1999, to terminate December 8, 2001, and 2) the requirement that appellant serve 30 days in the Bailey County Jail was an unauthorized sentence.

The basis of appellant's argument under her first issue is that her community supervision period began on February 1, 1998, the date of the issuance of our mandate dismissing her first attempt to appeal. Figuring that date as the beginning of her probationary period, she reasons her period of community supervision expired on January 31, 2000, which was prior to the State's first motion to revoke filed on April 12, 2000. That being so, she concludes, the trial court had no jurisdiction to modify her community supervision.

In response, the State argues that appellant failed to timely perfect her appeal here because she is actually complaining of the trial court's holding on September 6, 2000, as to the period of community supervision. However, it points out, she did not file a notice of appeal within 30 days from the issuance of that order. In that connection, a notice of appeal must be filed within 30 days after the date sentence is imposed or suspended in open court, or after the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). In this instance, appellant's notice of appeal was not filed until May 10, 2001, which, of

3

course, is well in excess of 30 days after September 6, 2000. A timely notice of appeal is necessary to invoke the jurisdiction of the appellate court. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). The State is correct in that appellant did not timely perfect her appeal, and we have no jurisdiction to consider her complaint.

Moreover, even if appellant had timely appealed the court's ruling, there is no merit in her complaint. She relies on *Easton v. Rains*, 866 S.W.2d 656 (Tex.App.--Houston [1st Dist.] 1993, no writ), for the proposition that the terms of probation are effective at the time of the issuance of the appellate court's mandate. *Id.* at 659. We do not disagree with that proposition. However, in this instance, the trial court's judgment specifically provided that appellant's community supervision would continue two years after she had served the 30 days in a state jail facility. That portion of the judgment is as follows:

> IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense of the lesser included State Jail Felony of Injury to a Child as included within the charge of the indictment and as found by the jury, and that she be punished as has been determined by the Court, that is, by confinement in a Texas Jail Facility for two (2) years, but that said sentence be suspended and the Defendant be placed on community supervision for two (2) years, but only after serving thirty (30) days in the Bailey County Jail.
>
>                               \*   \*   \*
>
> The Defendant, after thirty (30) days confinement in the Bailey County Jail, is placed on community supervision for a term of two (2) years, unless revoked, modified, or terminated by the Court.

4

Thus, once our mandate was issued, appellant still had to serve 30 days in jail and then remain on community supervision for two years. Therefore, her community supervision period had not expired at the time the State filed its motion to revoke.

In her second issue, appellant claims the court's order requiring her to serve 30 days in jail was not authorized. In doing so, she argues that the statutory range of punishment for the conviction of a state jail felony is by confinement in a state jail for any term of not more than two years or less than 180 days. *See* Tex. Pen. Code Ann. § 12.35(a) (Vernon 1994). Thus, she posits, the trial court had no authority to order her to serve 30 days in the Bailey County Jail in addition to the two years confinement in a state jail facility. Therefore, she concludes, the sentence is void, because it exceeds the statutory authorization. In mounting her challenge, she argues that because of the unauthorized sentence, the original judgment was void, which would invalidate the order revoking the probation granted her in the original judgment.

In the recent case of *Nix v. State*, No. 793-00, slip op. at 5-7, 2001 WL 717453 (Tex.Crim.App. 2001), the court noted the existing rule that in cases that involved an appeal from a revocation of "regular probation," an exception existed to the general rule that defects in the original judgment not timely raised in a direct appeal from that judgment could not be raised in that appeal. That exception exists in cases in which the error asserted would render the original judgment void. *Id.* The court explicated that a criminal judgment was void when: 1) the document purporting to be a charging instrument (*i.e.,*

5

indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument), thus, the trial court has no jurisdiction over the defendant; 2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; 3) the record reflects there is no evidence to support the conviction; or 4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Id*. at p. 6 n.13-15. After listing these examples, the court commented that while it hesitated to call this list an exclusive one, "it is very nearly so."

This particular complaint arises from the trial court's original order placing appellant under community supervision. In order to timely perfect a regular appeal from that judgment, she must have given notice of appeal within 30 days from May 1, 1997, the date of imposition of her sentence. Tex. R. App. P. 26.2(1). She did not do so. That being true, unless her sentence was void, we are without jurisdiction in this attempt to consider appellant's second challenge.

In *Coleman v. State*, 955 S.W.2d 360 (Tex.App.--Amarillo 1997, no pet.), we were presented with an analogous question. In that case, the appellant also argued that his assessed sentence was void because it exceeded the allowable maximum. In that connection, we opined "an interpretation of the law applicable to punishment, even if erroneous, does not impact the court's jurisdiction to the extent it becomes a jurisdictional

6

issue . . . ." *Id.* at 362-63. We continue to adhere to that reasoning. Parenthetically, as we did in *Coleman*, we note that the failure to properly perfect the appeal does not foreclose appellant's right to post-conviction relief if, indeed, the sentence assessed was not authorized under the statute.

Because we have no jurisdiction in this direct appeal to consider appellant's complaints, we must, and do hereby, dismiss this appeal for want of jurisdiction.


John T. Boyd
Chief Justice

Do not publish.